U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL 11 2014
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EMILY ANN FALLS                                                           PLAINTIFF

VS.                         Case No. CV 2014-5224 TLB

THE NETHERLANDS INSURANCE COMPANY                      DEFENDANT

## COMPLAINT

Plaintiff, Emily Ann Falls, by and through her attorneys, for her complaint, states:

1. Plaintiff is a resident and citizen of Benton County, Arkansas.

2. Defendant, The Netherlands Insurance Company, is a corporation organized and existing under the laws of the State of New Hampshire with its principal place of business in the State of New Hampshire. Its agent for service of process in Arkansas is Corporation Service Company, 300 Spring Street, Suite 900, Little Rock, Arkansas 72201.

3. The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the clams at issue in this action occurred in this district and division.

5. On January 9, 2013, Plaintiff was operating a motor vehicle belonging to Professional Business Systems, Inc. ("PBS"), her employer at the time.

6. On January 9, 2013, Plaintiff was operating the motor vehicle owned by PBS in a safe and proper manner, free of negligence, on Walnut Street in Rogers, Arkansas, when a vehicle operated by Blake Gastineau struck the PBS vehicle operated by Plaintiff in a rear-end collision.

7. Specifically, Plaintiff was stopped at stop light when Blake Gastineau struck the PBS vehicle in the rear.

8. Blake Gastineau was negligent in at least the following respects:

    a. Operating his vehicle too fast for the existing conditions;

    b. Failing to keep vehicle under control;

    c. Failing to keep a proper lookout; and

    d. Generally failing to operate his vehicle in a reasonable and prudent manner, free from negligence

9. At the time of the motor vehicle accident described above, the PBS vehicle operated by Plaintiff was covered by a policy of motor vehicle insurance issued by Defendant, policy number BA 8175338. This insurance

policy contains an underinsured motorist provision with a limit of $1,000,000. A copy of the declarations page of this policy is attached hereto as Exhibit A.

10. At the time of the motor vehicle accident described above, Blake Gastineau and the vehicle he was operating were covered by a policy of motor vehicle insurance issued by Southern Farm Bureau Casualty Insurance Company, policy number MV00880730, with a bodily injury limit of $50,000 per person.

11. Southern Farm Bureau Casualty Insurance Company offered to pay its bodily injury limit of $50,000 on behalf of Blake Gastineau. Defendant was put on notice of this offer by Plaintiff as required by Arkansas law, and Defendant consented to Plaintiff accepting this offer and Plaintiff did so.

12. Blake Gastineau and his vehicle were underinsured at the time of the motor vehicle accident.

13. At the time of the motor vehicle accident described above, Plaintiff was not covered by any personal policies of motor vehicle insurance containing underinsured motorist coverage.

14. As a direct and proximate result of the motor vehicle accident described above, Plaintiff sustained physical injuries and damages.

15. As a direct and proximate result of the motor vehicle accident described above, Plaintiff experienced pain and suffering and mental anguish in the past and that is likely to continue in the future.

16. As a direct and proximate result of the motor vehicle accident described above, Plaintiff sustained a loss of income, and is likely to sustain additional losses in the future.

17. As a direct and proximate result of the motor vehicle accident described above, Plaintiff incurred substantial medical expenses and is likely to incur additional medical expenses in the future.

18. Plaintiff has made demand upon Defendant to fully compensate her for these damages proximately caused by the motor vehicle accident described above, and Defendant has refused.

19. Defendant is in breach of its insurance contract, and Plaintiff is entitled to judgment against Defendant.

20. Plaintiff is entitled to a 12% penalty due to Defendant's failure and refusal to make payment under its contract, for a reasonable attorney's fee, interest and costs.

21. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff prays judgment will be entered in her favor against Defendant in a sum and amount greater than $75,000, plus a 12% penalty; a reasonable attorney's fee; for her costs incurred herein; for pre-judgment and post-judgment interest; and for all other just and proper relief to which she may show herself entitled.

          WRIGHT, LINDSEY & JENNINGS LLP
          3333 Pinnacle Hills Parkway, Suite 510
          Rogers, Arkansas 72758
          (479) 986-0888
          FAX: (479) 986-8932
          E-MAIL: pmorris@wlj.com

By _____/s/ Paul Morris_____
      Paul D. Morris (2001238)
      Attorneys for Plaintiff Emily Ann Falls